# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 22-7061**

**September Term, 2023**

FILED ON: JUNE 14, 2024

UNITED STATES OF AMERICA,
                APPELLEE

v.

DYNAMIC VISIONS, INC., DOING BUSINESS AS DYNAMIC VISIONS HOME HEALTH SERVICES, AND
ISAIAH M. BONGAM, OWNER AND PRESIDENT OF DYNAMIC VISIONS, INC.,
                APPELLANTS

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:11-cv-00695)

---

Before: WILKINS, WALKER, and PAN, *Circuit Judges*

## J U D G M E N T

The Court has considered this appeal on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is:

**ORDERED AND ADJUDGED** that the order of the district court entered March 2, 2022 — granting the Plaintiff's motion for summary judgment after remand and entering judgment for the Government — be **AFFIRMED** for substantially the reasons set forth below.

\*     \*     \*

Dynamic Visions, Inc. is a home healthcare company that received reimbursements from Medicaid. The company failed to comply with regulatory requirements when it submitted reimbursement claims that were supported by deficient "plans of care" or none at all. *See United States v. Dynamic Visions, Inc.*, 971 F.3d 330, 337 (D.C. Cir. 2020) (cleaned up). So the United States brought an action against the company and its owner, Isaiah Bongam.

After imposing discovery sanctions on the defendants, the district court granted the Government's summary judgment motion. *Id.* at 334-35. It awarded damages from 47 false claims and assessed the statutory maximum of $11,000 in civil penalties per claim. *Id.* at 336-37.

When Dynamic Visions and Bongam appealed, we affirmed the district court in large part. *Id.* at 333. Notably, we affirmed the district court's evidentiary decisions and discovery sanctions. *Id.* at 338-39. We also affirmed summary judgment on the merits for most of the Government's claims. *Id.* at 336. But we "vacate[d] the judgment as to a limited subset of the alleged false claims" involving allegedly forged signatures. *Id.* at 333. Because of this vacatur (and an arithmetic mistake), we also vacated the damages and civil penalty calculations, and remanded for further proceedings. *Id.* at 339-40.

On remand, the Government submitted a revised damages calculation. It fixed its mathematical error and identified the six claims that involved allegedly forged signatures (out of 47 total claims). SA 5-7. Rather than pursue alternate justifications for collecting damages on those six claims, the Government simply excluded all six. The district court accepted the new damages figure. In addition to damages, it again imposed maximum civil penalties of $11,000 per each of the remaining 41 claims. A 45-46.

Bongam and Dynamic Visions now appeal again, arguing that the district court inappropriately imposed maximum civil penalties and incorrectly calculated damages. We affirm.

# I

First, we consider whether the district court abused its discretion in imposing maximum civil penalties. We hold that it did not.

As we explained in our last opinion, the district court first assessed maximum penalties "because: (i) Dynamic Visions had forged signatures, (ii) the scheme had taken money from programs intending to serve needy patients, and (iii) the number of claims in the case, which were based on individual invoices, had underrepresented the total false claims because each invoice included multiple subinvoices." *United States v. Dynamic Visions, Inc.*, 971 F.3d 330, 336 (D.C. Cir. 2020). We "express[ed] no view on whether maximum civil penalties would be appropriate without the forgery-related claims" because "the district court did not indicate whether the other two reasons, standing alone," were enough. *Id.* at 340.

On remand, the district court clarified that those other two reasons were enough. *See* A 46 ("These [two] reasons still support the maximum allowable civil penalty."). That is unsurprising, considering that the district court originally imposed maximum penalties on all 47 claims, even though only a small subset of those claims involved allegedly forged signatures.

2

The Appellants never meaningfully contest the district court's other two justifications for imposing maximum penalties. To the extent they try, *see, e.g.*, Dynamic Visions Br. at 17, they forfeited those arguments by not raising them in the previous appeal. *See Hartman v. Duffey*, 88 F.3d 1232, 1236 (D.C. Cir. 1996).

Instead, the Appellants' primary argument is that by imposing maximum penalties on the basis of the other two justifications alone, the district court failed to exercise discretion. *See* Dynamic Visions Br. at 18-20. But if the district court didn't have discretion to select the maximum amount, it wouldn't be the maximum. *See* A 46 ("the Court has discretion" to impose penalties "between $5,500 and $11,000" per claim). And to the extent that Dynamic Visions challenges the district court's analysis regarding penalties as inadequately explained, that point is unavailing. The district court explained that it believed the other two justifications were sufficient, alone, to support maximum penalties. *Id.* So the Appellants' main argument fails.

The Appellants also say that the district court originally cared more about forgery than the other two factors. But that doesn't square with the record. *Compare* Bongam Reply Br. at 2 (forgery "at least 80% of the foundation" of the original penalty determination), *with United States v. Dynamic Visions, Inc.*, 282 F. Supp. 3d 257, 262-63 (D.D.C. 2017) (no discussion of weighing the reasons for imposing maximum penalties).

In short, the Appellants have presented no law or facts to suggest that the "penalty cannot stand on two legs" (needy patients and subinvoices) "without the third leg" (alleged forgery). Bongam Reply Br. at 2.

**II**

We also affirm the damages award.

The Appellants' primary argument against it concerns claims for patient 1714. Expenses for that patient appear in 27 of the 47 original claims, including three of the six that the Government dropped from its suit. SA 6-7. The total amount of patient 1714's expenses across those 27 claims was $53,798.34. *Id.* at 4; Dynamic Visions Br. at 14-15; Gov. Br. at 6; Bongam Br. at 2. The Government reduced this figure to $24,409.44 after the remand. Gov. Br. at 7. The Appellants say that figure should be smaller, as all of the remaining 21 claims involving patient 1714 are suspect.

If anything, the Government was generous to the Appellants. Its new damages calculation excludes damages for any expense involving patient 1714 that was backed by a plan of care (whether forged or not) even if that plan had a flaw besides an allegedly forged signature. Gov. Br. at 17 n.3. So all that's left are expenses that lacked support in *any* plan of care.

3

The Appellants want to use the forgery issue to reduce the damages further. But you cannot forge a signature on a plan of care that does not exist. The Appellants never contest this reasoning. And our last decision affirmed awarding damages for claims not supported by any plan of care.

Relatedly, Dynamic Visions provides no examples or record evidence to support its arguments that other patients' claims are attributable to allegedly forged signatures and should have been excluded. On appeal, Bongam offers a different overall damages calculation. *See* Bongam Br. at 4. But this is never explained, and there is no evidence that it was presented to the district court. So the argument is forfeited. *See Ford v. Massarone*, 902 F.3d 309, 314 (D.C. Cir. 2018). Bongam also tried to raise new arguments in his reply brief, which is generally not allowed. *Id.*; *see also Herbert v. National Academy of Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992).

Finally, both Appellants suggest that there are flaws in the Government's evidence. To the extent they challenge evidence available before our previous published opinion, those arguments necessarily fail. *See Hartman v. Duffey*, 88 F.3d 1232, 1236 (D.C. Cir. 1996). And we previously affirmed the discovery sanctions, which prevent the Appellants from introducing new evidence. *See United States v. Dynamic Visions, Inc.*, 971 F.3d 330, 334, 338-39 (D.C. Cir. 2020). To the extent that the Government introduced new evidence (i.e., a revised damages calculation) after the remand, neither Appellant requested an evidentiary hearing to challenge it.

Without contravening evidence, the Appellants' arguments on this point are "self-serving," *id.* at 335, and "too conclusory to create a genuine issue" as "a jury would be in no position to assess whether they are true." *Id.* at 337 (cleaned up). So we reject them and affirm the district court's decision to adopt the Government's damages calculation.

\* \* \*

Neither Bongam nor Dynamic Visions has demonstrated that the district court abused its discretion in imposing maximum civil penalties. As for their challenges to the damages calculation, some are forfeited, and the others are incorrect.

We therefore **AFFIRM** the district court.

This disposition is unpublished. *See* D.C. Cir. R. 36(d). We direct the Clerk to withhold this mandate until seven days after resolution of a timely petition for panel or en banc rehearing. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**<u>Per Curiam</u>**

4

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
        Daniel J. Reidy
        Deputy Clerk